UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHRISTINE SARACENI,

        Plaintiff,

    v.

M&T BANK CORPORATION,

        Defendant.
_____

**DECLARATION OF DANIEL J. BRADY IN OPPOSITION TO MOTION TO SEAL**

Case No.: 19-CV-1152

      **DANIEL J. BRADY, ESQ.**, under penalty of perjury, pursuant to 28 U.S.C. § 1746, states as follows:

    1.    I am an attorney admitted to practice law in New York State and before this Court. I am an associate in the law firm Hagerty & Brady, attorneys for Plaintiff Christine Saraceni in this action.

    2.    I file this Declaration in opposition to Defendant's motion to seal Exhibit C to the Declaration of Christine Saraceni, filed in support of her motion for a Preliminary Injunction.

    3.    Defendant filed its motion shortly before 4 pm yesterday, and this Court entered a text order granting the motion this morning, prior to Plaintiff

having an opportunity to respond. Plaintiff respectfully requests an opportunity to be heard on this motion, because, as set forth below, it is respectfully submitted that this Court's order is improper under Second Circuit precedent and because, contrary to Defendant's contention, Plaintiff is highly prejudiced by this sealing order.

4.  As an initial matter, Plaintiff objects to the request for expedited treatment of this motion, as Defendant has failed to file a motion to expedite, as required by Local Rule 7(d). *See, e.g.*, Plaintiff's motion to expedite Plaintiff's motion for a TRO, Dkt # 3.

5.  Plaintiff also objects to the suggestion in Defendant's motion that Plaintiff somehow consented or acquiesced to a request to seal. First, I do not recall a request to seal made at the preliminary conference in this matter on August 28, 2019. Second, Plaintiff certainly never consented to that requested, which I stated to Ms. Galvin on the morning of September 25, 2019.

6.  More importantly, even if Plaintiff had consented to that request, it would make no difference on the question of whether or not this filing should be sealed.

7.  Although Defendant moves under Local Rule 5.3, it makes no mention of that rule's requirements.

8. The plain language of that rule states, "[e]xcept where restrictions are imposed by statute or rule, there is a presumption that Court documents are accessible to the public and that a substantial showing is necessary to restrict access." Local 5.3(a).

9. As explained below, Defendant has cited no statute or rule calling for sealing of filings in this matter, and it has made no evidentiary showing whatsoever.

10. As this Court has held, Rule 5.3 is a reflection of the well-established "presumption that Court documents are accessible to the public and that a substantial showing is necessary to restrict access." *Preston v. Hilton Central School District*, No. 11-CV-6420, (W.D.N.Y. September 12, 2011).

11. As recently as this July, the Second Circuit reiterated the strength of the presumption of public accessibility for judicial documents, which Exhibit C undoubtedly is.

12. In *Brown v. Maxwell*, 929 F. 3d 41, (2d Cir. 2019), a case in which there was a *history* of extraordinary media interest and publication of highly sensational allegations about the parties and nonparties, the Court ruled that, by sealing the exhibits attached to summary judgment motions in the case, the district court had "failed to conduct the requisite particularized review when ordering the sealing of the materials at issue." *Id.*, at 44.

13. In particular, the Court noted that under Second Circuit precedent, judicial documents must be scrutinized with a particularized review in order to overcome "the presumption [that] public access outweighs any countervailing privacy interests." *Id.*, at 51.

14. Under Second Circuit precedent, there is both a common law right of access and First Amendment right of the public to access judicial documents. *Lugosch III v. Pyramid Co. of Onondaga*, 435 F. 3d 110, 120 (2d Cir. 2006).

15. A judicial document is one that, like Exhibit C, will "directly affect an adjudication." *Id.*, at 119.

16. This presumption *can only be overcome* and documents *may only be sealed* "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*, at 120.

17. Countervailing interests that may be considered include "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id*.

18. Here, Defendant has made no evidentiary showing aside from an information and belief attorney declaration. It is well settled that an attorney declaration is not admissible evidence because it is not based on personal knowledge and should be disregarded by the Court. *See, e.g., New York v.*

*Mountain Tobacco Co.*, 55 F. Supp. 3d 301, 313 (E.D.N.Y. 2014) ("[T]o the extent that [the attorney] declaration asserts facts that are not based on his personal knowledge, the declaration is disregarded").

19. Moreover, the declaration itself is silent as to the countervailing interests at play. Aside from asserting that the exhibit is Defendant's "property"—an allegation without any evidentiary support and one which Plaintiff strongly disputes—it is unclear and unexplained why the public filing of a document Defendant claims is its "property" entails any countervailing interests recognized in this Circuit.

20. In addition, the attorney declaration includes no explanation of why, other than Defendant's unilateral branding of the material as "confidential," any countervailing privacy interests are at play.

21. For example, there is no explanation as to why Exhibit C, which consists solely of less information than what can be found in a phone book, must be sealed to protect the disclosure of what is plainly publicly available information.

22. This is especially confounding when examining the privacy protection rules established by the Federal Rules of Civil Procedure for public filings. Those rules call for the redaction of papers that include an individual's "social-security number, taxpayer-identification number, or birth date, the name

of an individual known to be a minor, or a financial-account number." Fed. R. Civ. P. 5.2(a). None of that information is included in Exhibit C.

23. Defendant's motion argues that there is no prejudice to Plaintiff made by the sealing of Exhibit C.

24. First, Plaintiff is highly prejudiced by this sealing order. The supposed confidentiality of a list containing publicly available information is central to this action, and this Court's granting Defendant's request to seal that list may be used by Defendant later for collateral estoppel or other purposes. In addition, by this Court's order, the burden has now been placed on Plaintiff to move to unseal, when under Rule 5.3 and Second Circuit precedent it is plainly the burden of the party or parties seeking to seal material.

25. More importantly, a party's supposed lack of prejudice is not part of the inquiry on a motion to seal. Rather, Local Rule 5.3 requires a substantial evidentiary showing of the countervailing interests at play to overcome the strong presumption, rooted in common law and the First Amendment, that documents be publicly available.

26. Here, Defendant has failed to make any evidentiary showing whatsoever, submitting only an attorney declaration based on hearsay and information and belief, and falls far short of the "substantial showing" upon

which this Court can make a particularized review as the Second Circuit requires.

27. Short of a particularized review that makes specific findings as to countervailing privacy interests, Exhibit C should have remained unsealed, consistent with Second Circuit precedent, common law, and the First Amendment.

28. I declare under the penalty of perjury, that the foregoing is true and correct.

DATED: September 26, 2019
            Buffalo, NY

                                                  s/ Daniel J. Brady
                                                  Daniel J. Brady