UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTINE SARACENI,

                Plaintiff,

v.                                           Case No.: 19-CV-1152

M&T BANK CORPORATION,

                Defendant.
_____

## DECLARATION OF JODYANN GALVIN
## RESPONDING TO SECOND BRADY DECLARATION

        Jodyann Galvin, under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares the following to be true and correct:

        1.     I am an attorney at Hodgson Russ LLP, counsel for Defendant M&T Bank Corporation ("M&T"). I submit this declaration for the sole purpose of responding to Daniel Brady's Declaration in Further Opposition to Motion to Seal, dated September 27, 2019 (Dkt. No. 20; "Second Brady Declaration").

        2.     On August 28, 2019, counsel were discussing possible resolution of the matter in the hallway outside of the courtroom before the initial appearance. I advised that M&T would voluntarily extend the health insurance benefits through September 30, 2019 so the parties could either resolve the matter or brief the preliminary injunction. Mr. Daniel Brady and Mr. Michael Brady were present during this conversation.

3.      In that same conversation, I told Mr. Daniel Brady that I did not think Ms. Saraceni could meet her burden on a preliminary injunction.  When Mr. Daniel Brady asked why, I responded that Ms. Saraceni had not presented the list she referenced in her complaint to the Court and without it the Court could not make any assessment.  Mr. Daniel Brady responded that he did not want to include it because M&T maintained it was confidential information and M&T would use that against her.  I responded that the way to do that was to seal the document while the motion was pending.  Mr. Daniel Brady responded that he might make a supplemental submission to present the spreadsheet.  I responded, "Please seal it if you do so."

4.      My statement was not made in open court and would therefore not be recorded on the transcript.  I have made no misrepresentation to this Court.  In fact, given M&T's cooperative and voluntary extension of Ms. Saraceni's health insurance during the pendency of this action as well as M&T's consent to plaintiff's amendment of the complaint and attempts to resolve the dispute in its entirety, my conduct is the opposite of what the Second Brady Declaration tries to portray.

5.      It has been my intent — and action — to minimize the burden on the Court by reaching agreements where possible while the preliminary injunction is pending.

6.      M&T will respond to the merits of plaintiff's motion in accordance with the Court's scheduling order.

Dated:  September 27, 2019

                                                                            __s/Jodyann Galvin_____
                                                                               Jodyann Galvin

002000.11239 Litigation 15246979v1