UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTINE SARACENI,

       Plaintiff,

  v.                                          19-CV-1152
                                                DECISION AND ORDER

M&T BANK CORPORATION,

       Defendant.

---

## **INTRODUCTION**

On August 27, 2019, the plaintiff, Christine Saraceni, filed a complaint against the defendant, M&T Bank Corporation ("M&T"), alleging claims under the Employment Retirement Income Security Act ("ERISA") and for breach of contract. Docket Item 1. On September 25, 2019, Saraceni moved for a preliminary injunction. Docket Item 14.

The following day, M&T moved to seal Exhibit C to Saraceni's motion, Docket Item 16, stating that it had "serious concerns about the public disclosure of" that document, Docket Item 16-1 at 1-2. According to M&T, Exhibit C is "a spreadsheet consisting of names and addresses that . . . was created by Ms. Saraceni in furtherance of her role at M&T and which was specifically designed and intended to encourage those individuals to do banking at M&T." *Id.* On September 27, 2019, the Court issued a text order temporarily granting M&T's motion to seal "without prejudice to plaintiff's moving to unseal." Docket Item 17.

Later that same day, Saraceni filed a declaration opposing M&T's motion to seal, arguing that sealing Exhibit C was "improper under Second Circuit precedent" and that

Saraceni would be "highly prejudiced by this sealing order." Docket Item 18 at 2. Saraceni then filed a supplemental declaration, Docket Item 20; M&T responded, Docket Item 21; and Saraceni replied, Docket Item 22. The Court treated Saraceni's declarations as seeking reconsideration of this Court's sealing order. After hearing oral argument, the Court granted Saraceni's request to reconsider and ordered additional briefing. Docket Items 25 and 26.

On October 9, 2019, M&T filed a cross-motion for preliminary injunction, Docket Item 34, and a supplemental motion to seal, Docket Item 32. The supplemental motion to seal identified three[1] additional documents, attached as exhibits to M&T's cross-motion, that M&T sought to file under seal. Docket Item 32-1 at 5. On October 16, 2019, Saraceni responded. Docket Item 40. Saraceni agreed that one of the documents that M&T identified—"Copy of June Chairman's Club-Reverse.xlsx"—should be sealed but opposed sealing the other documents. *Id.* at 4-6. The Court again heard oral argument on October 28, 2019, and reserved decision. Docket Item 48.

## **LEGAL STANDARD**

The standard for deciding a motion to seal depends on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Thus, "a strong presumption of public access" attaches to

---

[1] M&T alleges that Saraceni sent five emails that attached protected documents, but there are only four documents at issue. "Marketing List.xls" was attached to two different emails, *see infra* at 4, but it is only one document. M&T does not seek to seal the emails.

2

"evidence introduced at trial or in connection with summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). The Second Circuit has held that "continued sealing of [such] documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.* at 47 (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006)).

"[T]he presumption of public access in filings submitted in connection with discovery disputes or motions *in limine*," however, "is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Id.* at 50. "[W]hile a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.* This district's Local Rule of Civil Procedure 5.3(a) similarly states that "[e]xcept where restrictions are imposed by statute or rule, there is a presumption that Court documents are accessible to the public and that a substantial showing is necessary to restrict access."

## **ANALYSIS**

The documents at issue here are all exhibits to motions for preliminary injunctions. They therefore do not have the same presumption of access as exhibits filed in support of, or in opposition to, a motion for summary judgment or admitted at trial. Even so, the Court must conduct an individualized review of each document and "articulate specific and substantial reasons for sealing." *Brown*, 929 F.3d at 50.

1. **"MARKETING LIST.XLS"**

The document saved as "Marketing List.xls" is an excel spreadsheet containing a list of names and addresses. The parties generally agree that this list was created by Saraceni during her tenure at M&T for the purpose of sending "Look Who Joined" postcards notifying Saraceni's friends and family of her new employment. *See* Docket Item 32-2 at 2. After M&T informed Saraceni that her employment would be terminated, she sent two emails attaching the list: one with the subject line "Marketing list," Docket Item 32-3 at 22; Docket Item 32-4 at 11, and the other with the subject line "Referral List," Docket Item 32-3 at 28; Docket Item 32-4 at 8.

The Court finds that there is no substantial reason to seal "Marketing List.xls." While this list may well be M&T's property, there is no reason to believe that it is *confidential*. It includes only public information—that is, names and addresses. Although M&T claims that some of the individuals on the list are M&T customers, they are not identified as such. And even if the list was used for M&T's business, that does not make it confidential. *See* 12 C.F.R. § 1016.3(p)(3)(ii) ("Nonpublic personal information does not include any list of individuals' names and addresses that contains only publicly available information, is not derived in whole or in part using personally identifiable financial information that is not publicly available, and is not disclosed in a manner that indicates that any of the individuals on the list is a consumer of a financial institution."); *see also Am. Inst. of Chem. Eng. v. Reber-Friel Co.*, 682 F. 2d 382, 387 (2d Cir. 1982) ("A customer list is not confidential where the past or prospective customers are 'readily ascertainable' from sources outside the employer's business." (quoting *Columbia Ribbon & Carbon Mfg. v. A-1-A Corp.*, 42 N.Y.2d 496, 499, 398

4

N.Y.S.2d 1004, 1006, 369 N.E.2d 4, 6 (1977))).  Accordingly, the exhibits containing "Marketing List.xls" shall be filed publicly.

### 2. "ADDRESS.DOC"

According to M&T, the document saved as "'address.doc' . . . appears to be a derivative of 'Marketing List.xls'" and thus "the same concerns about confidentiality apply."  Docket Item 32-1 at 10.  Saraceni, on the other hand, claims that it is a list of invitees to her daughter's wedding with no business purpose.  Docket Item 40 at 4-5.

Once again, even if M&T can demonstrate that this document is proprietary, the Court is not persuaded that it is confidential.  The Court thus finds that this document must be filed publicly for the same reasons as "Marketing List.xls."

### 3. "TOP FIRMS DATABASE FOR MAIL MERGING-USE THIS ONE.XLSX"

This spreadsheet "is a compilation of Top Brokerage Firms, Top CPA Firms, Top Law Firms, and Top Money Managers."  Docket Item 32-1 at 10.  According to Jane M. Harrington, Administrative Vice President and Reverse Mortgage Sales Manager at M&T, it is a "strategic M&T document" that was "developed in the course of employment at M&T by other M&T employees on M&T systems."  Docket Item 32-2 at 1, 5.  M&T uses this document "as a roadmap for leadership in making strategic decisions about various branches and bank partnerships."  *Id.* at 5.

Saraceni contends that "[t]he information contained in the document—the names and addresses of well-known law firms and money managers around Rochester—was sourced from the newspaper" and is "plainly publicly available."  Docket Item 40 at 5-6.  She claims that she "created this document with Ruth Deveronica in 2010 . . . to send promotional information to various law firms, money managers, and CPAs."  Docket

5

Item 40-1 at 3. Saraceni further argues that Harrington's declaration should be disregarded because Harrington did not create the document herself and therefore does not have the requisite "personal knowledge" of it. Docket Item 40 at 5.

It is true that "the facts upon which [a] motion to seal is based [must] be verified by the affidavit or declaration of a person or persons having personal knowledge of the facts." *United States v. Park*, 619 F. Supp. 2d 89, 93 (S.D.N.Y. 2009) (quoting *United States v. Raybould,* 130 F.Supp.2d 829, 833 (N.D. Tex. 2000)). Here, however, Harrington has personal knowledge about the document in question: she may not have created the document, but she is familiar with its strategic use through her role as an administrative vice president and sales manager.

Moreover, even assuming that this document was created using public information, M&T's selection of which information to include in its "roadmap for . . . making strategic decisions about various branches and bank partnerships" is confidential and could cause M&T competitive harm if released publicly. *See Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017) (concluding that "protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings"). Additionally, the Court finds that there is not a high public interest in this document. *Cf. Fed. Trade Comm'n v. Amazon.com, Inc.*, 2016 WL 4447049, at *2 (W.D. Wash. Aug. 24, 2016) (finding that "Amazon's specific refund rates, revenues, business strategies, and customer service practices is sensitive business information to which there is very little public interest").

Thus, the Court finds that the Harrington declaration establishes substantial reasons for sealing the document saved as "Top Firms Database for Mail merging – use this one.xlsx"—at least at this preliminary stage of the litigation. *See GTSI Corp. v. Wildflower Int'l, Inc.*, 2009 WL 1248114, at *9 (E.D. Va. Apr. 30, 2009) (finding that at "early stage of the litigation it [was] appropriate to seal" an agreement that was the subject of a trade-secret dispute). If "Top Firms Database for Mail merging – use this one.xlsx" is later submitted in support of or opposition to a motion for summary judgment or at trial—for which there is a higher sealing standard—the Court may reconsider its decision. Similarly, if the Court determines, at summary judgment or otherwise, that this document is not what M&T says that it is, the Court will revisit its ruling at that time. *See id.* ("[T]he Court was not required to make, and has not made, a final decision on the confidentiality of the Basic Agreement. If a different motion puts the secrecy of the Basic Agreement before the Court, and it rules as a matter of law that the document does not contain trade secrets and that it otherwise should not be subject to the heightened protection of sealing, the Court can then unseal the Basic Agreement."). In other words, this ruling is made without prejudice to Saraceni's arguing that the document was not M&T's property or confidential and that she did not violate any contract or condition of her employment by emailing it after being informed that her employment was going to be terminated.

### 4. "COPY OF JUNE CHAIRMAN'S CLUB-REVERSE.XLSX"

M&T represents that this document contains confidential "data about sales volumes and individual performance," including "a ranking [of] the individual performance of other M&T employees as well as the department as a whole." Docket Item 32-1 at 10. Saraceni does not dispute that this document should be sealed. Docket Item 40 at 6. The Court has reviewed the document and agrees that it includes confidential data that warrants sealing. *See Godson v. Eltman, Eltman & Cooper, P.C.*, 285 F.R.D. 255, 262 (W.D.N.Y. 2012) (granting motion to seal "potentially sensitive financial information").

### **CONCLUSION**

The Court GRANTS IN PART AND DENIES IN PART M&T's motion to seal, Docket Items 16 and 32. The Clerk of Court shall file the following documents under seal:

- "Top Firms Database for Mail merging – use this one.xlsx" (attached as part of Exhibit G to the Harrington Declaration, Docket Item 32-2; part of Exhibit E to the Frank Declaration, Docket Item 32-3; and part of Exhibit A to the Verrall Declaration, Docket Item 32-4);
- "Copy of June Chairman's Club – Reverse.xlsx" (attached as part of Exhibit F to the Harrington Declaration, Docket Item 32-2; part of Exhibit H to the Frank Declaration, Docket Item 32-3; and part of Exhibit E to the Verrall Declaration, Docket Item 32-4).

The following documents shall be filed publicly:

- "Marketing List.xls"

    o The Clerk of Court shall unseal Exhibit C to the Saraceni Declaration, Docket Item 14-8.

    o **M&T shall file unredacted versions** of Exhibits D and F to the Frank Declaration, Docket Item 32-3, and Exhibits B and C to the Verrall Declaration, Docket Item 32-4, **by November 7, 2019.**

- "address.doc"

    o **M&T shall file an unredacted version** of Exhibit D to the Verrall Declaration, Docket Item 32-4, **by November 7, 2019.**

SO ORDERED.

Dated:     November 6, 2019
           Buffalo, New York

            *s/ Lawrence J. Vilardo*
            LAWRENCE J. VILARDO
            UNITED STATES DISTRICT JUDGE