UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTINE SARACENI,

    Plaintiff,

v.

M&T BANK CORPORATION,

    Defendant.

19-CV-1152
DECISION AND ORDER

---

On August 27, 2019, the plaintiff, Christine Saraceni, filed a complaint against the defendant, M&T Bank Corporation ("M&T"), alleging claims under the Employment Retirement Income Security Act ("ERISA") and for breach of contract. Docket Item 1. On September 25, 2019, Saraceni moved for a preliminary injunction. Docket Item 14. On October 9, 2019, M&T cross-moved for a preliminary injunction, Docket Item 34, and moved to expedite the briefing schedule on that motion, Docket Item 35. Saraceni responded on the expedited schedule but requested the opportunity to supplement her opposition at a later time. Docket Item 39.

The Court heard oral argument on October 28, 2019. Docket Item 48. The Court denied M&T's motion for an expedited briefing schedule and reserved decision on the cross-motions for a preliminary injunction. *Id.* The Court subsequently issued a text order stating that Saraceni "may—but is not required to—submit an additional response to M&Ts cross-motion for a preliminary injunction by November 25, 2019." Docket Item 64. Saraceni declined to do so.

## BACKGROUND

Saraceni is a former employee of M&T. Docket Item 1 ¶ 6. She began working there in June 2008. *Id.* ¶ 7. In June 2019, M&T informed Saraceni that she was going to be laid off, effective July 26, 2019. *Id.* ¶ 12. She signed a severance agreement that would, among other things, extend her health insurance coverage until November 22, 2019—17 weeks after her last day. *Id.* ¶ 14.

On August 7, 2019, Saraceni received an email from M&T stating that "[a] review of [her] email traffic . . . revealed that [she] sent a client list spreadsheet to [her] husband's email address . . . [and] due to this violation, [her] severance benefits have been forfeited and will not be paid out." *Id.* ¶ 18. According to Saraceni, she received no paperwork concerning the revocation of her health insurance benefits. *Id.* ¶ 22.

On August 16, 2019, Saraceni's husband needed urgent medical care, and Saraceni later learned that her health benefits had been discontinued. *Id.* ¶¶ 20-21. Saraceni therefore filed this suit, raising three main claims: (1) violation of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"); (2) breach of her severance agreement; and (3) wrongful termination of health insurance benefits in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). M&T agreed to reinstate Saraceni's health benefits temporarily until November 30, 2019, while the parties litigated her motion for a preliminary injunction. *See* Docket Item 14-12 at 7.

## SARACENI'S MOTION FOR A PRELIMINARY INJUNCTION

Saraceni conceded at oral argument that her motion for a preliminary injunction would become moot on November 23, 2019—the day after her health benefits under the severance agreement would have expired—so long as M&T maintained her health coverage through November 22, 2019, and sent her notice that she may continue her benefits under COBRA, both of which M&T agreed to do. Docket Item 66 at 15. The parties have not informed the Court that M&T failed to fulfill either of those promises. Accordingly, Saraceni's motion for a preliminary injunction, Docket Item 14, is DENIED AS MOOT.[1]

## M&T'S CROSS-MOTION FOR A PRELIMINARY INJUNCTION

M&T asserts that "Saraceni sent at least four proprietary documents out of M&T to herself and to her husband, a loan officer at Prime Lending, an M&T mortgage competitor." Docket Item 34-1 at 5. "While M&T elected not to take legal action initially, M&T now cross-moves seeking return of that confidential information." *Id.* at 6.[2]

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Monserrate v. New York State Senate*, 599 F.3d 148, 154 (2d Cir. 2010) (quoting *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008)). The Second Circuit has held

---

[1] If there has been a development about which the Court is unaware that would render Saraceni's motion not moot, Saraceni may file a motion for reconsideration **within 14 days** of the date of this decision and order.

[2] After M&T filed its cross-motion, this Court held that two of the four documents—"Marketing List.xls" and "address.doc"—were not confidential and ordered that they be filed publicly. Docket Item 50 at 4-5 ("While [those documents] may well be M&T's property, there is no reason to believe that [they are] *confidential*." (emphasis in original)).

that a party seeking a preliminary injunction must establish "(1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party." *Id.* (quoting *Lynch v. City of N.Y.,* 589 F.3d 94, 98 (2d Cir. 2009)).

"A showing of irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction.'" *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999)). To establish irreparable harm, a party "must demonstrate that absent a preliminary injunction [it] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Id.* (quoting *Grand River Enter. Six Nations, Ltd. v. Pryor,* 481 F.3d 60, 66 (2d Cir. 2007)). "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Id.* (quoting *Moore v. Consol. Edison Co. of N.Y.,* 409 F.3d 506, 510 (2d Cir. 2005)).

Here, M&T claims that it will suffer irreparable harm because its "competitive information and proprietary documents are not just out in the public domain, but actually in the hands of a direct competitor." Docket Item 34-1 at 28. According to M&T, "no amount of money can compensate M&T for the lost competitive edge and breach of confidentiality of its strategic and proprietary data." *Id.*

But "loss of sales" to a competitor is precisely the type of injury that "should be fully compensable by money damages." *Faiveley*, 559 F.3d at 119 (quoting *Geritrex*

4

*Corp. v. Dermarite Indus., LLC*, 910 F.Supp. 955, 966 (S.D.N.Y. 1996)). And there is no indication that Saraceni will disseminate M&T's proprietary information in a way that will impair its value. *See id.* at 118-19 (explaining that "[w]here a misappropriator seeks only to use [a competitor's trade] secrets—without further dissemination or irreparable impairment of value—in pursuit of profit," there is no presumption of irreparable harm "because an award of damages will often provide a complete remedy for such an injury"). Thus, even if M&T is able to prove that Saraceni's use of its information caused it to lose business, that injury can be compensated by money damages. What is more, the fact that M&T waited more than two months after discovering that Saraceni had emailed the documents to move for a preliminary injunction belies its assertion of irreparable harm. *See 199 Del. Ave., Inc. v. Lake Effect Artisan Ice Cream*, 2019 WL 1723588, at *3 (W.D.N.Y. Apr. 18, 2019) (observing that "courts in this Circuit 'typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months'" (quoting *Monowise Ltd. Corp. v. Ozy Media, Inc.*, 2018 WL 2089342, at *1 (S.D.N.Y. May 3, 2018)).

For all those reasons, this Court finds that M&T has not established irreparable harm and, therefore, is not entitled to a preliminary injunction. *See id.* (explaining that "if a party fails to show irreparable harm, a court need not even address the remaining elements of the test" (quoting *Monowise*, 2018 WL 2089342, at *1)).

## **CONCLUSION**

For the foregoing reasons, the Court DENIES AS MOOT Saraceni's motion for a preliminary injunction, Docket Item 14, and DENIES M&T's cross-motion for a preliminary injunction, Docket Item 34.

SO ORDERED.

Dated: January 28, 2020
           Buffalo, New York

                                          *s/ Lawrence J. Vilardo*
                                          LAWRENCE J. VILARDO
                                          UNITED STATES DISTRICT JUDGE