UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTINE SARACENI,                                             **REPORT AND**
                                                                **RECOMMENDATION**

                                                                19-CV-01152-LJV-JJM

                                            Plaintiff,

v.

M&T BANK CORPORATION,

                                            Defendant.
_____

       Familiarity with the relevant background of this ERISA action is presumed. *See*

District Judge Lawrence J. Vilardo's January 28, 2020 Decision and Order [70].[1]  Before the

court is plaintiff Christine Saraceni's motion [65] which seeks to dismiss defendant M&T Bank

Corporation's three Counterclaims pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) and its Eighth

Defense pursuant to Rule 12(f). Having considered the parties' submissions [65, 68, 69] and

heard oral argument telephonically on March 27, 2020, for the following reasons I recommend

that the motion be granted in part and denied in part.


## DISCUSSION

### A.  First Counterclaim: Breach of Contract

       M&T alleges that Saraceni breached her Severance Agreement, Nondisclosure

Agreement and Severance Plan by sending certain M&T information to herself and another

unauthorized recipient. M&T's Amended Answer and Counterclaims [49], ¶¶116, 122-133.

---

[1]      Bracketed references are to CM/ECF docket entries.  Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

Saraceni argues that this counterclaim is preempted by ERISA, 29 U.S.C. §1144(a), since it "relate[s] to an employee benefit plan". Saraceni's Memorandum of Law [65-2], p. 5.

I agree. *See* Shepherd v. Community First Bank, 2017 WL 5004456 (D.S.C. 2017), involving "state law counterclaims for fraud, breach of contract/breach of duty of loyalty, unjust enrichment, and breach of fiduciary duty". Id., *1. In Shepherd, the court noted that 29 U.S.C. §1144(a) provides that "ERISA supersedes 'any and all State laws insofar as they may now or hereafter relate to' any "ERISA plan", and that "[f]or preemption purposes, a law relates to an ERISA plan if it has a connection with or reference to such a plan." Id., *3. Finding that "[d]efendants' counterclaims are based on the same allegations as their reasons for terminating Plaintiff's benefits under the Plan", the court held that the "counterclaims are related to the Plan within the meaning of 29 U.S.C. § 1144(a) and are preempted by ERISA". Id., *4.

As in Shepherd, M&T's First Counterclaim is based upon the same allegations as its reasons for seeking to terminate Saraceni's ERISA benefits, and is therefore preempted by 29 U.S.C. § 1144(a).


**B.  Second Counterclaim: Breach of Loyalty**

M&T alleges that Saraceni breached her duty of loyalty by, *inter alia*, "transmitting M&T's property out of M&T" and by taking its property "for her own personal benefit" or "'to benefit others who are not employed by M&T". M&T's Amended Answer and Counterclaims [49], ¶¶139-141. In moving to dismiss this counterclaim, Saraceni argues that "[u]nder New York law . . . duty of loyalty claims are limited to cases where the employee, acting as the agent of the employer, diverts business opportunities to himself or others to the

financial detriment of the employer, or accepts improper kickbacks". Saraceni's Memorandum of Law [65-2], pp. 11-12.

Later, however, she admits that courts may "hold an employee liable under the faithless servant doctrine if the employee has . . . actively stolen [from] the employer". Saraceni's Reply Memorandum of Law [69], p. 9, *quoting* Linder v. Innovative Commercial Systems LLC, 41 Misc. 3d 1214(A) (Sup. Ct. N.Y. County 2013), aff'd, 127 A.D.3d 670 (1st Dept. 2015).[2] Since M&T's Second Counterclaim alleges that Saraceni took its property ([49], ¶¶139-141),[3] it states a claim for breach of loyalty.

## C.  Third Counterclaim: Equitable Recoupment

M&T argues that "a right of recoupment to recover benefits improperly paid, received, and retained by a beneficiary, to which she was not entitled, are benefits that belong to the Plan. The right of recoupment to enforce the terms of the Plan has widely been viewed as a form of equitable relief under the statute".  M&T's Memorandum of Law [68], p. 5. In support of that position, M&T cites its Flexible Benefits Plan Summary Plan Description ("SPD"). Id., n. 1.

However, "an SPD is not a contract - its terms are not subject to enforcement". Caufield v. Colgate-Palmolive Co., 2017 WL 744600, *5 (S.D.N.Y. 2017); CIGNA Corp. v. Amara, 563 U.S. 421, 438 (2011) ("summary documents . . . provide communication with beneficiaries *about* the plan, but that their statements do not themselves constitute the *terms* of the plan") (emphasis in original). As Saraceni points out, it is questionable whether the

---

[2]    While Linder actually states "stealing *for* the employer" rather than "stealing *from* the employer", Saraceni's quotation changes "for" to "from", recognizing that, in context, this must be a typographical error.

[3]    *See also* Judge Vilardo's January 28, 2020 Decision and Order [70], p. 3, n. 2 ("those documents may well be M&T's property").

Severance Pay Plan [39-2] authorizes recoupment of health benefits as opposed to severance pay benefits. *See* Saraceni's Reply Memorandum [69], pp. 5-6.

M&T argues that it may equitably recoup "particular funds or property in the beneficiary's possession". M&T's Memorandum of Law [68], p. 6. While it does allege that the benefit payments which it seeks to recoup have been "retained by Plaintiff" (Amended Answer and Counterclaims [49], ¶146), that allegation seems implausible, given the nature of health care benefits. *See* Saraceni's Reply Memorandum [69], p. 6 ("This is a claim to 'recoup' payments from Plaintiff that presumably M&T made to medical providers and/or premiums M&T paid to Independent Health. Plaintiff does not have, nor did she ever have, possession or control of these funds").

However, I am not persuaded by Saraceni's alternative argument that the claim is precluded by the Affordable Care Act's prohibition against rescission of health care coverage. (Saraceni's Memorandum of Law [65-2], pp. 8-10; 42 U.S.C. §300gg-12). Since Saraceni alleges that the termination of coverage occurred before any health care benefits were due (Amended Complaint [28], ¶¶24, 31), the termination was not a rescission. *See* 26 C.F.R. §54.9815-2712(a)(2)(i) ("[a] cancellation or discontinuance of coverage is not a rescission if . . . [it] has only a prospective effect").

**D.  Eighth Defense: Failure to Exhaust Administrative Remedies**

Without further factual elaboration, M&T's Eighth Defense alleges that Saraceni "has failed to exhaust administrative remedies". In opposing Saraceni's motion to strike this defense, M&T argues that Rule 12(f) "authorizes striking from a pleading a matter that is 'redundant, immaterial, impertinent, or scandalous'", and that this defense "is none of these

-4-

things". M&T's Memorandum of Law [68], pp. 13-14. Those are not the only grounds for striking a defense - Rule 12(f) also authorizes the court to "strike from a pleading an *insufficient* defense" (emphasis added), and that is what Saraceni argues: "Defendant's failure to provide Plaintiff with adequate notice as required by 29 U.S.C. §1133 is a bar to any failure to exhaust defense". Saraceni's Memorandum of Law [65-2], p. 17.

However, Rule 12(f)(1) allows the court to strike an insufficient defense not only for reasons argued by a party, but also "act[ing] on its own". Acting on my own, rather than for the reasons argued by Saraceni, I recommend that the Eighth Defense be stricken as conclusory. "[T]he plausibility standard of Twombly applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense." GEOMC Co. v. Calmare Therapeutics Inc., 918 F.3d 92, 98 (2d Cir. 2019). While plausibility does not require "detailed factual allegations", it requires "more than labels and conclusions". Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Since M&T's Eighth Defense offers no more than "labels and conclusions", I deem it insufficient. M&T may seek to replead this defense if it can do so in light of the arguments raised by Saraceni in Point VI of her Memorandum of Law [65-2].

## CONCLUSION

For these reasons, I recommend that M&T's First Counterclaim be dismissed, without leave to replead; that its Second Counterclaim not be dismissed; that its Third Counterclaim be dismissed, with leave to replead; and that its Eighth Defense be stricken, with leave to replead. Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by April 30, 2020. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object

timely . . . waives any right to further judicial review of [this] decision". <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55, 58 (2d Cir. 1988); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: April 16, 2020

<u>/s/ Jeremiah J. McCarthy</u>
JEREMIAH J. MCCARTHY
United States Magistrate Judge
