# EXHIBIT C



**Pauline Muto**
Associate
Direct Dial: 716.848.1294
PMuto@hodgsonruss.com

November 6, 2020

**Via E-Mail**

Daniel J. Brady, Esq.,
Hagerty & Brady
69 Delaware Ave., Suite 1010
Buffalo, NY 14202

    Re: *Saraceni v. M&T Bank Corporation;*
       Civil No. 19-CV-1152-LJV (W.D.N.Y.)

Dear Mr. Brady:

    This letter responds to your October 20, 2020 letter regarding Ms. Saraceni's Rule 26 disclosures. M&T's position on her initial disclosures remains unchanged – they are deficient and must be supplemented.

    M&T disputes that former employees of the Reverse Mortgage Department have relevant information pertaining to this lawsuit, but your interactions with Mr. Downs and/or his counsel indicate that Ms. Saraceni must believe otherwise, with respect to Mr. Downs and possibly other specific individuals. Her obligations under Rule 26 are therefore unambiguous as set forth in M&T's original letter.

    Failure to disclose the existence of a witness may warrant preclusion of that individual's testimony. *See, e.g., Yin v. Alvarado,* 2016 WL 5115357, at *2-4 (W.D.N.Y. Sept. 20, 2016); *Pal v. New York Univ.,* 2008 WL 2627614, at *2-6 (S.D.N.Y. June 30, 2008). It is not adequate to say that all employees of the Reverse Mortgage Department at M&T are potential witnesses, and Ms. Saraceni is not relieved of her Rule 26 obligations merely because the witnesses are former M&T employees. The burden of disclosure falls squarely on Plaintiff. If she elects to maintain her position and refuses to identify specific persons by name who may have discoverable information, then M&T will move to preclude testimony of any person not specifically identified by Ms. Saraceni.

            Sincerely,

            *Pauline Muto*

            Pauline Muto

PTM:sjl