UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTINE SARACENI,

                        Plaintiff,

v.                                                    Civil No. 19-cv-1152

M&T BANK CORPORATION,

                        Defendant.

---

## M&T BANK'S ANSWER TO PLAINTIFF'S SECOND AMENDED AND SUPPLEMENTAL COMPLAINT AND COUNTERCLAIM

M&T Bank Corporation ("M&T"), by its attorneys Hodgson Russ LLP, for its Amended Answer to plaintiff's First Amended Complaint:

1. Admits that Plaintiff's last known home address was in Batavia, New York.

2. Admits the allegations in paragraph 2.

3. Denies the allegations in paragraph 3.

4. Admits that this Court has subject matter jurisdiction of civil actions brought under 29 U.S.C. § 1132.

5. Admits that venue is proper in the Western District of New York and denies the remaining allegations in paragraph 5.

6. Admits the allegations in paragraph 6.

7. Admits the allegations in paragraph 7.

8. Admits that after Plaintiff began employment at M&T she was asked as part of her employment responsibilities to prepare a mailing list of individuals to inform of her new employment by sending postcards to these individuals; and affirmatively states that the purpose of the list was to solicit and generate business for M&T.

9. Affirmatively states that the Plaintiff's defined term of "spreadsheet" is vague; states that the document is titled "Marketing List.xls"; states that the available data indicates that "Marketing List.xls" was created at M&T on July 9, 2008; and denies the remaining allegations in paragraph 9.

10. Denies the allegations in paragraph 10.

11. Admits that "Marketing List.xls" does not, on its face, contain any financial information and denies the remaining allegations in paragraph 11.

12. Admits that "Marketing List.xls" contains names and street addresses and denies the remaining allegations in paragraph 12.

13. Admits that "Marketing List.xls" does not, on its face, indicate that any of the individuals on the list is a customer of M&T; affirmatively states that "Marketing List.xls" does in fact include M&T mortgage customers; and denies the remaining allegations in paragraph 13.

14. States that the allegations in paragraph 14 call for a legal conclusion and therefore denies them.

15. Admits the allegations in paragraph 15.

16. Admits the allegations in paragraph 16.

17. Admits the allegations in paragraph 17.

18. Admits that had Plaintiff not engaged in conduct which violated the Severance Agreement and the Severance Plan, Plaintiff would have been eligible for severance benefits; and denies the remaining allegations in paragraph 18.

19. Admits the allegations in paragraph 19.

20. Denies the allegations in paragraph 20.

21. Admits the allegations in paragraph 21.

22. Admits the allegations in paragraph 22.

23. Admits that Plaintiff received an email from M&T on August 7, 2019; refers to the email for its terms; and denies the remaining allegations in paragraph 23.

24. Denies the allegations in paragraph 24.

25. Denies the allegations in paragraph 25.

26. Admits that Plaintiff called M&T after August 7, 2019.

27. Admits that Ms. Frank told Plaintiff during a phone call that she had breached her Severance Agreement; states that Ms. Frank was willing to answer any question of Plaintiff; and denies the remaining allegations in paragraph 27.

28. Denies the allegations in paragraph 28.

29. Denies the allegations in paragraph 29.

30. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies them.

31. Denies the allegations in paragraph 31.

32. Denies the allegations in paragraph 32.

33. Denies the allegations in paragraph 33.

34. Admits that Plaintiff filed her complaint and request for a TRO; admits that M&T reinstated Plaintiff's health insurance at the August 28, 2019 court appearance; denies the merits of Plaintiff's allegations; and denies the remaining allegations in paragraph 34.

35. Admits that Plaintiff filed for a preliminary injunction; states that the interim period was designed for the parties to explore resolution, and denies the remaining allegations in paragraph 35.

36. Admits that Plaintiff filed an Amended Complaint on October 3, 2019; refers to the Amended Complaint for its contents and denies the remaining allegations in paragraph 36.

37. Admits that it served an Amended Answer to the Amended Complaint, refers to that Amended Answer for its contents; and denies the remaining allegations in paragraph 37.

38. Denies that its Amended Answer and Counterclaims was required to itemize damages; and admits that its Amended Answer and Counterclaims did not expressly seek a forfeiture of Plaintiff's wages earned while working for M&T.

39. Denies that its Amended Answer and Counterclaims was required to request that Plaintiff return or pay back wages; and admits that its Amended Answer and Counterclaims did not expressly request that Plaintiff return or pay back wages.

      40.      Admits that its Initial Disclosures were served on September 4, 2020, refers to the Initial Disclosures for their contents; and denies the remaining allegations in paragraph 40.

      41.      Admits that its Initial Disclosures were served on September 4, 2020, admits it supplemented its Initial Disclosures, refers to those Initial Disclosures for their contents; and denies the remaining allegations in paragraph 41.

      42.      Denies the allegations in paragraph 42.

      43.      Repeats its responses to paragraphs 1-42.

      44.      Admits the allegations in paragraph 44.

      45.      Denies the allegations in paragraph 45.

      46.      Admits that the Severance Plan includes a provision entitled "Forfeitures of Benefit"; refers to the Severance Plan for its terms; and denies the remaining allegations in paragraph 46.

      47.      Denies the allegations in paragraph 47.

      48.      Denies the allegations in paragraph 48.

      49.      Denies the allegations in paragraph 49.

      50.      Repeats its responses to paragraphs 1-49.

      51.      States that the allegations call for a legal conclusion and denies the allegations in paragraph 51.

      52.      Admits that one or more of Plaintiff's co-workers emailed confidential and/or personally identifiable customer information to their personal email accounts prior to the

closure of the Reverse Mortgage Department; affirmatively states that none of Plaintiff's co-workers emailed confidential and/or personally-identifiable customer information to M&T's competitors; and denies the remaining allegations in paragraph 52.

53. Admits that M&T was aware that one or more of Plaintiff's co-workers emailed confidential and/or personally-identifiable customer information to their personal email accounts prior to the closure of the Reverse Mortgage Department at the time it determined that Plaintiff forfeited her Severance Benefits and when it brought its breach of duty of loyalty counterclaim; and denies the remaining allegations in paragraph 53.

54. Denies the allegations in paragraph 54.

55. Denies the allegations in paragraph 55.

56. Denies the allegations in paragraph 56.

57. Repeats in responses to paragraphs 1-56.

58. Admits the allegations in paragraph 58.

59. Admits that Plaintiff and her husband had health insurance through M&T Bank; admits that Plaintiff's insurance was through Independent Health; and denies the remaining allegations in paragraph 59.

60. Refers to 29 U.S.C. § 1132(a)(1)(B) for its contents and denies the allegations in paragraph 60.

61. Denies the allegations in paragraph 61.

62. Denies the allegations in paragraph 62.

63. Repeats in responses to paragraphs 1-62.

64. States that the allegations in paragraph 64 call for a legal conclusion and therefore denies them.

65. Refers to 29 U.S.C. § 1161 for its contents and denies the remaining allegations in paragraph 65.

66. Refers to 29 U.S.C. § 1161 for its contents and denies the remaining allegations in paragraph 66.

67. States that Plaintiff was terminated as part of a restructuring; states that Plaintiff's conduct discovered after her departure could qualify as gross misconduct; states that Plaintiff's conduct discovered after her departure from M&T constitutes grounds for termination; and denies the remaining allegations in paragraph 67.

68. Refers to 29 U.S.C. § 1166 for its contents; denies any wrongful conduct; and denies the remaining allegations in paragraph 68.

69. Refers to 29 U.S.C. § 1166 for its contents; affirmatively states that one proper COBRA notice issued on August 1, 2019 and another issued on November 17, 2019; denies any wrongful conduct; and denies the remaining allegations in paragraph 69.

70. Affirmatively states that it has not failed to provide the opportunity for continuing coverage; affirmatively states it again notified Plaintiff through her counsel of her right to elect continuing coverage upon receipt of the First Amended Complaint; and denies the remaining allegations in paragraph 70.

71. Denies the allegations in paragraph 71.

72. Refers to 29 U.S.C. § 1132(c) and 29 C.F.R. § 2575.502c-1 for their contents; denies any liability under those or other provisions; and denies the remaining allegations in paragraph 72.

73. Denies the allegations in paragraph 73.

74. Denies the allegations in paragraph 74.

75. Repeats its responses to paragraphs 1-74.

76. States the allegations in paragraph 76 call for a legal conclusion and therefore denies them.

77. Refers to 29 U.S.C. § 1133 for its contents; denies any liability under that or other provisions; and denies the remaining allegations in paragraph 77.

78. Refers to 29 U.S.C. § 1133 for its contents; denies any liability under that or other provisions; and denies the remaining allegations in paragraph 78.

79. Refers to 29 U.S.C. § 1133 and 29 C.F.R. ¶ 2560.503-1 for their contents; denies any liability under those or other provisions; and denies the remaining allegations in paragraph 79.

80. Denies the allegations in paragraph 80.

81. Denies the allegations in paragraph 81.

82. Denies the allegations in paragraph 82.

83. Denies the allegations in paragraph 83.

84. Denies the allegations in paragraph 84.

85. Denies the allegations in paragraph 85.

86. Denies the allegations in paragraph 86.

87. Denies the allegations in paragraph 87.

## DEFENSES

### First Defense

88. Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

89. Plaintiff failed to mitigate her damages.

### Third Defense

90. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### Fourth Defense

91. Plaintiff's claims are moot.

### Fifth Defense

92. Plaintiff's alleged damages are the result of her own wrongful conduct.

### Sixth Defense

93. This Court lacks jurisdiction over Plaintiff's claims.

### Seventh Defense

94. Plaintiff is not entitled to some or all of the damages asserted, including but not limited to extracontractual, consequential, and compensatory damages.

### Eighth Defense

95. The plan administrator has absolute discretion in interpreting and applying the plan's terms and eligibility for benefits.

### Ninth Defense

96. Plaintiff engaged in misconduct warranting termination of all and any benefits and payments under the Severance Agreement and Severance Pay Plan.

### Tenth Defense

97. Plaintiff has failed to comply with the terms of the M&T Bank Corporation Employee Severance Pay Plan.

### Eleventh Defense

98. Plaintiff's claims are barred by the doctrine of unclean hands.

### Twelfth Defense

99. M&T appropriately exercised its discretion.

## M&T'S COUNTERCLAIM

100. M&T repeats all prior allegations and responses in paragraphs 1 through 99 as if fully set forth herein.

101. This Court has supplemental jurisdiction over this counterclaim, pursuant to 28 U.S.C. § 1367(a), as it arises out the same case and controversy as Plaintiff's claims.

102. This counterclaim is a compulsory counterclaim under Federal Rule of Civil Practice 13(a)(1).

103. Plaintiff signed and agreed to adhere to M&T's Nondisclosure of Customer Information Agreement ("Nondisclosure Agreement").  Under the Nondisclosure Agreement, Plaintiff agreed to:

> **Nondisclosure.**  Except as provided in the next section, I will not (a) disclose to anyone information concerning any of M&T's customers obtained during the course of my employment with M&T

("Customer Information"), (b) utilize any of the Customer Information for any purpose, except for the purpose of performing my duties for M&T, (c) attempt to access any Customer Information unless such access is required for the purpose of performing my duties for M&T, or (d) disclose or provide to anyone any method of access to any M&T computer system or physical facility unless I am authorized to do so. I also agree to adhere to M&T's Privacy Policy, Information Security Principles and the policies and procedures regarding information security requirements which are established by the area in which I work.

104. The Nondisclosure Agreement included a provision that states, "any violation of this agreement may subject me to civil penalty as well as disciplinary action up to and including immediate dismissal."

105. The Nondisclosure Agreement incorporates the M&T Information Security Policy. The M&T Information Security Policy explains how "M&T information and information resources are strategic and vital corporate assets which help M&T maintain a competitive edge in the market place."

106. The M&T Information Security Policy also states that M&T "devices," which include laptops and desktop computers, are "M&T Bank owned and managed devices," and that "[a]ll data processed by any of the Bank's computing facilities is the property of M&T Bank Corporation." Further, the M&T Information Security Policy states that "All data processed by any of the Bank's computing facilities is the property of M&T Bank Corporation" and "Any data or information systems developed for the Bank by employees are the property of M&T Bank Corporation."

107. The M&T Information Security Policy informs employees that they are responsible for safeguarding confidential and corporate information from unauthorized access

and that "[f]ailure to comply with this Policy may result in corrective action, up to and including termination from employment and legal proceedings as applicable."

108.  M&T has an interest in protecting its proprietary information and/or confidential information and/or trade secrets and/or corporate information.

109.  Plaintiff's conduct causes irreparable harm to M&T for which there is no adequate remedy at law.

110.  The balancing of equities favors M&T.

111.  Plaintiff will suffer no hardship if directed to return and/or destroy, and not use information she created, used, or had access to while at M&T.

112.  In the final two days before Plaintiff's departure from M&T, she sent herself and her husband who worked for a direct competitor of M&T documents that were created on the M&T computing system.

113.  At 4:07 p.m. on July 24, 2019, Plaintiff sent an email with the subject line "Marketing List" to jsaraceni@primelending.com, attaching the file "**Marketing List.xls**."

114.  The document "Marketing List.xls" is M&T's property.

115.  At 4:26 p.m. on July 24, 2019, Plaintiff sent an email with the subject line "Database" to cantinore27@gmail.com and jsaraceni@primelending.com, attaching the file "**Top firms Database for Mail merging--Use this one.xlsx**."

116.  The document "Top firms Database for Mail merging – Use this one.xlsx" is M&T's property.

12

117. At 4:27 p.m. on July 24, 2019, Plaintiff sent an email with the subject line "Referral List" to cantinore27@gmail.com and jsaraceni@primelending.com, again, attaching the file "**Marketing List.xls**."

118. The document "Marketing List.xls" is M&T's property.

119. At 4:50 p.m. on July 24, 2019, Plaintiff sent an email with the subject line "Emailing: address" to cantinore27@gmail.com, attaching the file "**address.doc.**"

120. The document "address.doc" is M&T's property.

121. At 10:50 a.m., on July 25, 2019, Plaintiff sent an email with the subject line, "Chairmans 2019-June," to cantinore27@gmail.com, attaching the excel file, "**Copy of June Chairmans Club – Reverse.xlsx**."

122. The document "Copy of June Chairmans Club – Reverse xlsx.com" is M&T's property.

123. Email address "cantinore27@gmail.com," is Plaintiff's personal email address.

124. Email address "jsaraceni@primelending.com," is Plaintiff's husband's business email address at Prime Lending.

125. Prime Lending is a competitor of M&T.

## First Counterclaim
### (Breach of Loyalty)

126. M&T repeats the allegations and responses as set for in paragraphs 1 through 125 above.

127. At all relevant times, as an employee of M&T, Plaintiff and M&T were in a fiduciary relationship where Plaintiff owed a duty of loyalty to M&T.

128. Plaintiff signed an Employee Handbook Acknowledgment Form on June 24, 2008 in which she agreed to adhere to all of the policies and procedures of M&T Bank as an employee of M&T.

129. Plaintiff breached her obligations to M&T when she failed to adhere to a policy of M&T, the M&T Information Security Policy.

130. Plaintiff committed a terminable offense by disclosing M&T customer information and proprietary data outside of M&T and to a third party, more specifically a competitor of M&T.

131. Plaintiff's conduct of transmitting M&T's property out of M&T, including to a competitor is a breach of her duty of loyalty.

132. Plaintiff took M&T's property for her own personal benefit.

133. Plaintiff took M&T's property to benefit others, including a competitor, who are not employed by M&T.

134. Plaintiff did not seek or have authorization to transmit M&T data out of M&T.

135. As a result, M&T suffered irreparable harm for which no remedy at law will adequately compensate.

136. As a result of Plaintiff's breach, M&T has also suffered monetary damages.

**WHEREFORE**, M&T BANK CORPORATION requests judgment with the following relief:

a. An injunction:

1) barring Plaintiff from further disclosure of M&T's proprietary and/or confidential information;

2) barring her use and the use by any recipient of any M&T proprietary and/or confidential information;

3) ordering the immediate return and confirmation of destruction of all duplicates or copies of all proprietary and/or confidential information that Plaintiff sent out of M&T; and

b. monetary damages resulting from plaintiff's breach of loyalty, including but not limited to wages paid during the period of disloyalty;

c. cost and attorney's fees incurred in this action; and

d. any other relief that the Court deems just and proper.

## JURY DEMAND

M&T demands a trial by jury of any and all claims so triable.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint in its entirety and granting all relief requested in its counterclaim, together with reasonable costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

Dated:  January 27, 2021

            **HODGSON RUSS LLP**
            *Attorneys for Defendant M&T Bank Corporation*


            By:   s/Jodyann Galvin
              Jodyann Galvin
            jgalvin@hodgsonruss.com
              Pauline Muto
            pmuto@hodgsonruss.com
            The Guaranty Building
            140 Pearl Street, Suite 100
            Buffalo, New York 14202-4040
            Tel:  716.856.4000

002000.11239 Litigation 15724907v2