UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTINE SARACENI,

                Plaintiff,

v.                                     Case No.: 19-CV-1152

M&T BANK CORPORATION,

                Defendant.
_____

## DECLARATION OF JODYANN GALVIN
## IN OPPOSITION TO PLAINTIFF'S
## MOTION TO QUASH AND FOR SANCTIONS

        Jodyann Galvin, under penalty of perjury and pursuant to 28 U.S.C. § 1746,

declares the following to be true and correct:

        1.      I am an attorney with Hodgson Russ LLP, counsel for Defendant M&T

Bank Corporation ("M&T"). I submit this declaration in opposition to Plaintiff's Motion to

Quash.

        2.      On February 8, 2021, Hodgson Russ emailed a notice copy to Mr. Brady

of a subpoena to Richard Downs, a former M&T employee and member of its Reverse Mortgage

Department. Also on February 8, Hodgson Russ emailed Mr. Downs's counsel, William

Drexler, a partner with the firm of Baldwin, Sutphen & Frateschi, and asked if he would accept

service on behalf of Mr. Downs.

        3.      The subpoena, attached here as Exhibit 1, seeks the following documents:

1. All communications between You and the attorneys and staff of Hagerty & Brady, including, but not limited to, Michael Brady, Daniel Brady, and Kasia Kmiotek. This includes any draft affidavits, declarations, or sworn statements prepared by Hagerty & Brady or anyone from Hagerty & Brady delivered to You or your counsel, William Drexler, and any emails or letters between the attorneys and staff of Hagerty & Brady, on the one hand, and you or Mr. Drexler, on the other hand.

2. All communications between You and Christine Saraceni and /or James Saraceni concerning: (a) your employment at M&T Bank; (b) the termination of your employment at M&T Bank; (c) your receipt of severance pay from M&T Bank; (d) M&T customer or client lists; and/or (d) Ms. Saraceni's lawsuit filed against M&T from July 1, 2019 to the present. This includes any communications on which you are author, addressee, or a copied party.

4. On February 9, 2021, Ms. Saraceni filed a motion seeking an order to quash the subpoena, sanctions upon M&T and such further relief as the Court deems appropriate. Ms. Saraceni asserts that information requested in the subpoena is protected from disclosure because it is the work product of the firm of Hagerty & Brady. Dkt. 132.

5. On February 11, 2020, Mr. Drexler stated to our firm that he understood there was a motion about the subpoena pending. Mr. Drexler was instructed by our firm to not respond to the subpoena until the Court resolved the current motion.

6. On February 12, 2020, Mr. Drexler agreed to accept service of the subpoena on behalf of Mr. Downs.

7. Attached as Exhibit 2 is a copy of an October 14, 2020 letter from me to the Honorable Jeremiah J. McCarthy. This letter is the subject of an accompanying sealing

motion as it relates to proceedings conducted by the Court concerning the District's ADR Plan. Daniel Brady and Michael Brady were copied on that letter. Tab 1 to my letter includes documents that were produced in discovery and are attached separately here.

8.      Specifically, attached as Exhibit 3 is a July 20, 2020 email from Daniel Brady to Richard Downs. And attached as Exhibit 4 is an email chain which contains a July 22, 2020 email from Mr. Downs to Meghan Frank, Senior Employee Specialist for M&T. Exhibit 4 reflects that Mr. Downs forwarded the email from Mr. Brady (Exhibit 3 above) to Ms. Frank. These documents are from M&T's production of documents. Mr. Downs produced some of these same email transmissions when he produced documents in response to Ms. Saraceni's subpoena.

9.      The Court conducted two proceedings on October 15 and October 16, 2020 related to the ADR Plan in which Mr. Downs and his counsel were put at issue before this Court. The transcripts of those proceedings are attached as Exhibits 5 and 6, respectively. Those proceedings related to the ADR Plan and were conducted under seal by this Court. They are therefore the subject of an accompanying sealing motion.

10.     Attached as Exhibit 7 is a copy of a February 11, 2021 letter from me to Mr. Brady. Mr. Brady's response, dated February 23, 2021 is attached as Exhibit 8.

11.     On October 6, 2020, I had a telephone conversation with William Drexler. Mr. Drexler stated he was contacted by Mr. Downs in connection with an overture made to Mr. Downs by Mr. Brady a few months before. Mr. Drexler stated that Mr. Brady had repeatedly requested Mr. Downs to sign an affidavit. Mr. Drexler stated that the draft affidavit's content

included a statement by Mr. Downs that when Mr. Downs learned that his position was being eliminated he either downloaded or emailed to himself at least one client or contact list.

Dated:  February 24, 2021

          s/Jodyann Galvin          

Jodyann Galvin

# EXHIBIT 1

# UNITED STATES DISTRICT COURT

for the

WESTERN DISTRICT OF NEW YORK

|   |   |   |
|---|---|---|
| CHRISTINE SARACENI | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 19-CV-1152 |
| M&T BANK CORPORATION | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          RICHARD DOWNS
5041 Bradbury Drive, Syracuse, New York 13215

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| Place: Hodgson Russ LLP 140 Pearl Street, Suite 100 Buffalo, New York 14202 | Date and Time: 02/26/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____02/08/2021_____

*CLERK OF COURT*

OR

_____                    /s/ Pauline T. Muto
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*          Defendant
M&T Bank Corporation _____, who issues or requests this subpoena, are:
Jodyann Galvin and Pauline Muto, Hodgson Russ LLP, 140 Pearl Street, Suite 100, Buffalo, NY 14202.

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
  **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

1.    All communications between You and the attorneys and staff of Hagerty & Brady, including, but not limited to, Michael Brady, Daniel Brady, and Kasia Kmiotek. This includes any draft affidavits, declarations, or sworn statements prepared by Hagerty & Brady or anyone from Hagerty & Brady delivered to You or your counsel, William Drexler, and any emails or letters between the attorneys and staff of Hagerty & Brady, on the one hand, and you or Mr. Drexler, on the other hand.

2.    All communications between You and Christine Saraceni and /or James Saraceni concerning: (a) your employment at M&T Bank; (b) the termination of your employment at M&T Bank; (c) your receipt of severance pay from M&T Bank; (d) M&T customer or client lists; and/or (d) Ms. Saraceni's lawsuit filed against M&T from July 1, 2019 to the present. This includes any communications on which you are author, addressee, or a copied party.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTINE SARACENI,

                              Plaintiff,

    v.                                                    Case No.:  19-cv-1152

M&T BANK CORPORATION,

                              Defendant.

---

## CONFIDENTIALITY STIPULATION AND ORDER

        The Court, finding that the parties to this case may request or produce information

involving trade secrets or other confidential research, development, commercial, proprietary, or

otherwise sensitive information, enters the following protective order pursuant to Federal Rule of

Civil Procedure 26(c)(1), upon the stipulation of the parties, by their undersigned counsel, as

follows:

        1.        As used in this Stipulation and Order, the term "Confidential Information"

includes any material or information ("Material") that is disclosed in the course of discovery

proceedings in this action by Ms. Saraceni or any non-party to this action or M&T that is deemed

in good faith by the disclosing party to be information concerning a person's business operations,

processes, and technical and development information within the scope of Rule 26(c)(1)(G), and

that at or before the time of disclosure, or otherwise pursuant to the terms of this Stipulation and

Order, has been designated as "Confidential" or "Highly Confidential" in one or more of the following ways:

        a.        Information set forth in an interrogatory may be so designated by including a clear statement in the answer that the answer is "Confidential" or "Highly Confidential."

        b.        Information contained in any document or part thereof may be so designated by marking the words "Confidential" or "Highly Confidential" on each page of the document and all copies of it.

        c.        Information contained in an answer to any question asked during an oral deposition may be designated "Confidential" or "Highly Confidential" by a statement made on the record during the course of the deposition on the same day that the answer is given or by a writing served by e-mail or first class mail within twenty business days of receiving the deposition transcript. All testimony shall be deemed "Confidential" until that 20-day period has expired. After that 20-day period has expired, only that testimony that has been designated as "Confidential" or "Highly Confidential" according to the above-listed procedures shall be deemed "Confidential" or "Highly Confidential" in accordance with this Stipulation and Order. The court reporter or stenographer shall bind the "Confidential" or "Highly Confidential" testimony in separate volumes and mark the face of the transcript to indicate its confidential nature and production pursuant to this Stipulation and Order.

        2.        Information is not "Confidential" or "Highly Confidential" if it is known or generally available to the public, was not treated as confidential by the party before producing

it, would not plausibly cause competitive harm to the producing party, was known to the

recipient without obligation of confidentiality before the producing party disclosed it, or to the

extent that such disclosure is or was required by any law or regulation, any order of any court of

competent jurisdiction or any competent judicial, governmental or regulatory body.

      3.     Confidential Information disclosed during the course of discovery

proceedings in this action shall be subject to the following requirements:

      a.     Confidential Information shall be used only for purposes of this

action.

      b.     Confidential Information shall not be used for any business or

commercial purposes.

      c.     Confidential Information shall be disclosed only to the following

persons and only insofar as it is reasonably necessary to the prosecution or defense of this action:

      (1)     A party and its employees, officers, and directors;

      (2)     Attorneys of record for the party, including any attorneys

employed or retained by a law firm of record that represents the party and in-house counsel for a

party;

      (3)     Secretarial, clerical, and paralegal personnel employed full-

time or part-time by attorneys or a law firm that represents the party seeking the information;

(4)     Independent expert witnesses, advisors, and consultants retained in connection with this action, and their full or part-time technical, secretarial, or clerical staff, or other personnel;

(5)     Non-party witnesses to the extent provided in paragraph 15, below;

(6)     Court reporters or stenographers engaged to record deposition testimony, and their employees; and

(7)     Such other persons as may be authorized by agreement of the parties or by the Court upon motion of any party.

d.     If Confidential Information is disclosed to any person other than in the manner authorized by this Stipulation and Order, the person responsible for the disclosure shall, immediately upon learning of such disclosure, inform the parties of all pertinent facts relating to such disclosures and use their best efforts to retrieve the Confidential Information.

e.     Confidential Information shall not be electronically transmitted or physically transported to anywhere outside the United States of America.

4.     A copy of this Stipulation and Order shall be delivered to each person within categories 1 and 4 of paragraph 3(c) above to whom a disclosure of Confidential Information is made, at or before the time of disclosure, and no disclosure shall be made to such person unless and until such person agrees in writing to be bound by the provisions of this Stipulation and Order as provided in the "Agreement to be Bound by Confidentiality Stipulation and Order" attached as **Exhibit A.**

- 4 -

5.    Any person who receives Confidential Information pursuant to this Stipulation and Order may not disclose that information except to the persons designated hereinabove and to the extent permitted herein.

6.    Secondary documents, including but not limited to, notes, memoranda, analyses, and briefs that are prepared from any Material that contains Confidential Information shall be treated in the same fashion as the underlying Material.

7.    If a recipient disputes a producer's designation of information as Confidential or Highly Confidential, the recipient shall notify the producer in writing of the basis for the dispute, identifying the specific documents or things as to which the designation is disputed. The recipient and the producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If the parties cannot resolve their disagreement, the Confidential designation will expire fourteen (14) days after notice of the dispute, unless within that 14-day period, or other period of time as the parties may agree, the producer files a motion with the Court to maintain the producer's Confidential designation. The producer bears the burden of proving that the information is properly designated as Confidential or Highly Confidential. In the event such an application is made, the information shall remain subject to the producer's confidentiality designation until the Court rules on the dispute. A party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

8.    The provisions of this Stipulation and Order shall not be construed as preventing:

- 5 -

a.     Any disclosure of Confidential Information by the parties designating the information as such in any other action; or

b.     Any disclosure of Confidential Information to any judge, law clerk, or employee of this Court for purposes of this action, subject to paragraph 10 below.

9.     Confidential Information designated as "Highly Confidential" is information that a party believes in good faith meets the requirements for sealing as set forth in Fed. R. Civ. P. 5.2, Local Rule 5.3, and applicable caselaw.

10.    This protective Order does not, by itself, authorize the filing of any document under seal, which shall be governed by in Fed. R. Civ. P. 5.2, Local Rule 5.3, the associated CM/ECF Administrative Procedures Guide, and applicable caselaw.  However, a party seeking to file materials containing information that has been designated Highly Confidential, as an exhibit or otherwise, shall make an application to the Court under Local Rule 5.3 to file such materials under seal and, with permission of the Court, file those specific materials under seal electronically, or seek to have the "Highly Confidential Information" designation removed as set forth in paragraph 7, above.

11.    Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B).

12.    An inadvertent failure to designate Material as Confidential Information does not waive the designating party's right to secure protection for such Material.  If Material is appropriately designated as Confidential Information after the Material was initially produced,

- 6 -

the receiving party, upon being timely notified of the designation, must treat the Material in accordance with this Stipulation and Order, including retrieving all copies and excerpts of any re-designated Material from persons not entitled to receive it.

13.     In the event production of documents and/or testimony is sought by subpoena from a non-party, the party issuing the subpoena shall notify the non-party of this Stipulation and Order. The non-party may also designate material and testimony as "Confidential" or "Highly Confidential Information" under this Stipulation and Order. The party issuing the subpoena shall forward a copy of all documents produced in response to the subpoena to opposing counsel. If opposing counsel determines that such documents include "Confidential" or "Highly Confidential Information" materials, opposing counsel may designate such documents accordingly, within 20 days after receipt. All documents and materials produced in response to subpoenas directed to non-parties shall be deemed "Confidential" until that 20-day period has expired notwithstanding whether the non-party has made such a designation. After that 20-day period has expired, only those documents or materials that have been designated as "Confidential" or "Highly Confidential Information" according to the above-listed procedures shall be deemed Confidential Information in accordance with this Stipulation and Order.

14.     If any of the parties' Confidential Information is the subject of, or responsive to, a subpoena, court order, or rule requiring its disclosure, the party seeking to comply with the subpoena, court order, or rule will provide notice to the producing party through its counsel as soon as reasonably practicable to allow the producing party a reasonable

opportunity to seek appropriate relief from the Court, including, but not limited to, a motion for a protective order.

15.     Witnesses at depositions taken during this action may be shown any Confidential Information without restriction during the course of their deposition and a party's ability to use, exhibit, or disclose such Material at depositions taken in this action shall not be limited.  Such use will not be deemed a waiver of the provisions of this Stipulation and Order. The party using Confidential Information during a deposition shall notify the court reporter of this Stipulation and Order.  Whenever Confidential Information is to be discussed or disclosed in a deposition, any party that discussed or disclosed the Confidential Information may require the exclusion from the room of any person who is not entitled to receive the Confidential Information under this Stipulation and Order, except the witness, his or her counsel, the court reporter, and, if applicable, the videographer.

16.     Nothing herein shall be construed as a waiver of the right of any party to object to the admissibility of any evidence where such objection is based on a ground or grounds other than that the evidence involves Confidential Information, and nothing herein shall be construed as an agreement that any Confidential Information shall be withheld from or excluded from evidence in this action.

17.     Nothing in this Stipulation and Order shall be deemed an acknowledgement by any party that discovery of Confidential Information is reasonably likely to lead to the discovery of admissible evidence in this action, or an acknowledgment that particular discovery requests are not burdensome or overbroad or otherwise objectionable.

- 8 -

18.     Upon the conclusion of this litigation, including any and all appeals or further proceedings, all Confidential Information supplied by either party, and all copies thereof, shall be returned to the producing party or their counsel, or such Confidential Information shall be certified in writing to have been deleted or destroyed, or shall otherwise be disposed of as ordered by the Court. Counsel may retain one set of all documents related to this litigation for their records.

19.     The use of Confidential information for the purpose of any hearing or trial that is open to the public is not addressed at this time, but will be the subject of future agreements or orders as the need may arise.

Dated: December 21, 2020

**HODGSON RUSS LLP**
*Attorneys for Defendant, M&T Bank Corporation*

By____/s/ Jodyann Galvin_____
         Jodyann Galvin, Esq.
         Pauline Muto, Esq.
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone: (716) 856-4000
*jgalvin@hodgsonruss.com*
*pmuto@hodgsonruss.com*

Dated: December 21, 2020

**HAGERTY & BRADY**
*Attorneys for Plaintiff, Christine Saraceni*

By_____/s/ Daniel J. Brady_____
         Daniel J. Brady, Esq.
         Michael A. Brady, Esq.
69 Delaware Ave. Suit 1010

- 9 -

Buffalo, NY 14202
(716) 856-9443 office
(716) 856-0511 fax
*dbrady@hagerty-brady.com*

**SO ORDERED:**

Hon. Jeremiah J. McCarthy

## EXHIBIT A

## AGREEMENT TO BE BOUND BY CONFIDENTIALITY STIPULATION AND ORDER

The undersigned hereby acknowledges that he/she received a copy of the attached Confidentiality Stipulation and Order in this action, captioned *Saraceni v. M&T Bank Corporation,* (Case No. 19 cv 1152), pending in the U.S. District Court for the Western District of New York, has read same, and agrees to: (1) be bound by all of the provisions thereof; and (2) submit to the jurisdiction and venue of the U.S. District Court for the Western District of New York for all matters relating to his/her compliance with the obligations under the Confidentiality Stipulation and Order.

Dated: _____      _____
                                         Name

                                         _____
                                         Signature

- 11 -

# EXHIBIT 2

# TO BE SUBMITTED UNDER
# SEAL PENDING COURT RULING

# EXHIBIT 3

**Richard Downs**

| | |
|---|---|
| **From:** | dick downs <rdowns1372@gmail.com> |
| **Sent:** | Wednesday, July 22, 2020 9:20 AM |
| **To:** | Richard Downs |
| **Subject:** | Fwd: Confidential |

[--CAUTION: EXTERNAL EMAIL--]

---------- Forwarded message ---------
From: **Dan Brady** <dbrady@hagerty-brady.com>
Date: Mon, Jul 20, 2020 at 4:20 PM
Subject: Confidential
To: Dick Downs <rdowns1372@gmail.com>


CONFIDENTIAL

PROTECTED ATTORNEY WORK PRODUCT

Dear Mr. Downs:

This office represents Christine Saraceni in an ongoing lawsuit in federal district court in the Western District of New York against M&T Bank Corporation, challenging M&T Bank's unlawful termination of her severance benefits (*Saraceni v. M&T Bank Corporation*, Index No. 19-CV-01152).

We have reason to believe that you are a material witness to some of the events at issue in this dispute.

Please contact me, or have your attorney contact me, as soon as reasonably possible. We would prefer to avoid the service of a subpoena on you, compelling your attendance as a witness.

 Please understand that although you are not required to speak with us at this time, for reasons that we can explain to you and/or your attorney, we believe it may be in your personal interest to do so.  We would like the opportunity to explain that to you and/or your attorney.

Again, we would prefer to make as minimal an intrusion into your life and schedule as possible.  Please contact me or have your attorney contact me.

Sincerely,

Daniel J. Brady
Hagerty & Brady
69 Delaware Ave.
Suite 1010
Buffalo N.Y. 14202

716 856 9443 office
716 207 2875 cell

1

MT0000583

716 856 0511 fax
[dbrady@hagerty-brady.com](mailto:dbrady@hagerty-brady.com)

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT PRIVILEGE
ATTORNEY WORK PRODUCT

MT0000584

# EXHIBIT 4

| | |
|---|---|
| **From**: | Ford, David [dford2@mtb.com] |
| **Sent**: | 8/4/2020 8:04:39 PM |
| **To**: | William Drexler [wdrexler@bsfattorneys.com] |
| **CC**: | rdowns1372@gmail.com; Frank, Meghan [mmfrank@mtb.com] |
| **Subject**: | RE: Chris Saraceni's Attorney Letter to me regarding Chris Saraceni's Lawsuit vs M&T Bank |

Bill,

I'm available Thursday at 1 pm and 4 pm.

Dave

**David P. Ford**
**Administrative Vice President | M&T Bank**
Legal Division | Associate General Counsel
One M&T Plaza, 8th Floor, Buffalo, New York 14203
Buffalo, NY 14210
(C) (585) 645-7077
Dford2@mtb.com | www.mtb.com

**From:** William Drexler <wdrexler@bsfattorneys.com>
**Sent:** Tuesday, August 4, 2020 7:04 PM
**To:** Ford, David <dford2@mtb.com>
**Cc:** rdowns1372@gmail.com; Frank, Meghan <mmfrank@mtb.com>
**Subject:** RE: Chris Saraceni's Attorney Letter to me regarding Chris Saraceni's Lawsuit vs M&T Bank

**External Email:** Use caution & trust the source before clicking links or opening attachments.

David:
        I just spoke with Dick Downs. What time this week would be a good time to talk tomorrow or Thursday ?

Bill Drexler

William F. Drexler, Esq.
Baldwin, Sutphen & Frateschi, PLLC
126 North Salina Street, Suite 400
Syracuse, New York 13202
Tel:  315-477-0100 (Ext. 316)
Fax: 315-477-5071
E-Mail:  wdrexler@bsfattorneys.com

This electronic message may contain privileged or confidential information. If you are not the intended recipient of this e-mail, please delete it from your system and advise the sender.

_____

In accordance with Internal Revenue Service Circular 230, we inform  you that any discussion of a federal tax issue contained in this communication (including any attachments) is not intended or written to be used, and it cannot be used, by any recipient for the purpose of (i) avoiding penalties that may be imposed on the recipient under United States

federal tax laws, or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

---

**From:** Ford, David <dford2@mtb.com>
**Sent:** Thursday, July 23, 2020 3:56 PM
**To:** William Drexler <wdrexler@bsfattorneys.com>
**Cc:** rdowns1372@gmail.com; Frank, Meghan <mmfrank@mtb.com>
**Subject:** FW: Chris Saraceni's Attorney Letter to me regarding Chris Saraceni's Lawsuit vs M&T Bank

Mr. Drexler,

I'm an attorney with M&T Bank. Meghan Frank forwarded the below email from your client Richard Downs. I'm happy to discuss any questions you have about this matter. Feel free to contact me.

Dave

**David P. Ford**
Administrative Vice President | M&T Bank
Legal Division | Associate General Counsel
One M&T Plaza, 8th Floor, Buffalo, New York 14203
Buffalo, NY 14210
(C) (585) 645-7077
Dford2@mtb.com | www.mtb.com

---

**From:** Richard Downs <rdowns1372@gmail.com>
**Sent:** Wednesday, July 22, 2020 1:15 PM
**To:** Frank, Meghan <mmfrank@mtb.com>
**Cc:** wdrexler@bsfattorneys.com
**Subject:** Chris Saraceni's Attorney Letter to me regarding Chris Saraceni's Lawsuit vs M&T Bank

**External Email:** Use caution & trust the source before clicking links or opening attachments.

Hello Meghan,

**I have been approached by Christine Saraceni's Lawyer, Dan Brady. I have attached the email/letter Mr Brady sent me. I have also copied my Attorney, William Drexler, on this email since Mr Drexler reviewed my own Severance Package for me last summer. I appreciated all M&T Bank did for me during the severance period for both me and my family. I do not plan to voluntarily cooperate with Christine Saraceni or her attorney, however Atty. Drexler advises me that a subpoena is a Court order. I wanted you to know about this email I received, and would appreciate it, at least for the present time, if you would ask M&T's lawyer(s) to contact my lawyer, Mr. Drexler about their thoughts on how to proceed from here forward.**

**Regards**

**Dick Downs**

**rdowns1372@gmail.com**
**315-450-1649**

This email may contain privileged and/or confidential information that is intended solely for the use of the addressee. If you are not the intended recipient or entity, you are strictly prohibited from disclosing, copying, distributing or using any of the information contained in the transmission. If you received this communication in error, please contact the sender immediately and destroy the material in its entirety, whether electronic or hard copy. This communication may contain nonpublic personal information about consumers subject to the restrictions of the Gramm-Leach-Bliley Act and the Sarbanes-Oxley Act. You may not directly or indirectly reuse or disclose such information for any purpose other than to provide the services for which you are receiving the information. There are risks associated with the use of electronic transmission. The sender of this information does not control the method of transmittal or service providers and assumes no duty or obligation for the security, receipt, or third party interception of this transmission.

# EXHIBIT 5

# TO BE SUBMITTED UNDER SEAL PENDING COURT RULING

# EXHIBIT 6

# TO BE SUBMITTED UNDER
# SEAL PENDING COURT RULING

# EXHIBIT 7

**Jodyann Galvin**
Partner
Direct Dial: 716.848.1520
*jgalvin@hodgsonruss.com*



February 11, 2021

<u>**Via E-Mail**</u>

Daniel J. Brady, Esq.
Hagerty & Brady
69 Delaware Avenue, Suite 1010
Buffalo, NY 14202

      Re:    *Saraceni v. M&T Bank Corporation;*
             <u>*Civil No. 19-CV-1152-LJV (W.D.N.Y.)*</u>

Dear Mr. Brady:

      This letter relates to Plaintiff's Responses to Defendant's Second Request for Production and Inspection of Documents and Things, dated December 3, 2020.  Plaintiff has objected to the request seeking her and her counsel's communications with former M&T employees who are non-parties related to the claims in the case on the basis of, among other things, it "openly calls for the production of communications protected by the attorney client privilege, the attorney work product doctrine, and is patently improper."  Plaintiff has also objected on the basis that it is "vague, overbroad, unduly burdensome, out of proportion with the needs of the case, and not likely to lead to the discovery of relevant information."  Plaintiff has not provided a log of documents withheld on the basis of privilege which were created prior to the filing of the litigation, despite two recent requests for that.  This to some extent prevents M&T from testing the claims of privilege.

      It is M&T's position that communications between Ms. Saraceni and non-parties do not implicate any of the privileges asserted.  Please clarify whether plaintiff is asserting these privileges for communications between herself and others (as opposed to communications between your firm and others), and state the basis for any such assertion.

      It is also M&T's position that communications between your firm and non-parties would not be protected by the attorney-client privilege.  Please clarify whether plaintiff is asserting that such communications are protected by the attorney-client privilege, and state the basis for any such assertion.

      M&T's understanding is that you are relying on the work-product doctrine to withhold documents responsive to the request for communications between your firm and non-parties. M&T's position is that, with respect to any communications between your firm and Mr. Downs and/or his counsel, any work-product protection has been waived.  *See Hedgeserv Ltd. v. Sungard Sys.Int'l Inc.*,  2018 WL 6538197 (S.D.N.Y. Nov. 20, 2018).  It is also M&T's position that any work-product protection for communications with other non-party witnesses may have been waived. Please clarify whether Ms. Saraceni is withholding responsive



documents based on the work-product doctrine.  We note that the party withholding documents on the basis of an asserted privilege bears the burden of showing that the protection exists and that it has not been waived.  *Hedgeserv,* 2018 WL 6538197 at *3.

    With respect to the objections on breadth and burden, we note that this request is narrowly-tailored in time and scope (identifying only former employees of the Reverse Mortgage Department).  To address the claim of burden, M&T will narrow this particular request to just the ten listed employees.

       Sincerely,

       Jodyann Galvin

JAG/bmo

# EXHIBIT 8

# HAGERTY & BRADY
## Attorneys and Counsellors at Law

**Michael A. Brady**

**Edwin P. Hunter**
**of Counsel**

**Daniel J. Brady**

**Thomas V. Hagerty**
**Retired**

February 23, 2021

Jodyann Galvin Esq.
Hodgson Russ LLP
140 Pearl Street, Suite 100          **VIA EMAIL**
Buffalo, NY  14202-4040

Re:   Saraceni v. M&T Bank
      19-cv-1152
      Our File:  2019-2766

Dear Ms. Galvin:

This letter is in response to yours of February 11, 2021.  We find that letter very confusing, but we will attempt to respond to it to the best of our abilities.

Specifically, the letter raises questions regarding the objection Plaintiff served on December 3, 2020 in response to M&T's Second Request for Production, which requested communications between Plaintiff's counsel and nonparty witnesses regarding the claims in this case.

M&T had months in which to address or discuss Plaintiff's objection.  It did not.  Instead, on February 8, 2021, it served a subpoena duces tecum on a nonparty witness seeking, *inter alia*, communications and/or draft declarations exchanged with Plaintiff's counsel.  That subpoena is now the subject of a pending motion to quash and for sanctions.  Plaintiff's arguments regarding the foregoing work product objection are addressed in her motion and will be decided by the Court.

Regarding your statement that "Plaintiff has not provided a log of documents withheld on the basis of privilege which were created prior to the filing of the litigation," we are a bit lost. Is it M&T's position that it is entitled to a log of communications between Plaintiff and her counsel made prior to the filing of the lawsuit? On what basis would it be entitled to such a log?

We have a hard time believing that the Court will require Plaintiff to log her communications with her counsel. Moreover, it is less than clear from your letter what request M&T has made that it believes would even result in such a log. We previously requested clarification from you and Ms. Muto regarding which requests from M&T would implicate a claim of privilege (*See* email of February 8, 2021). We have received no clarification.

Please clarify what it is you are referring to.

Very truly yours,

*s/ Daniel J. Brady*

DANIEL J. BRADY
dbrady@hagerty-brady.com

DJB:kak
cc:     Pauline Muto, Esq. (via email)
        Michael A. Brady, Esq. (via email)