UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTINE SARACENI,            DECISION AND ORDER

                                            Plaintiff,            19-CV-01152-LJV-JJM

v.

M&T BANK CORPORATION,

                                            Defendant.
_____

         Before the court is plaintiff Saraceni's motion [132][1] seeking to quash defendant M&T's subpoena [132-2] to plaintiff's former co-employee Richard Downs, and for sanctions. In opposing the motion, M&T argues that plaintiff or her counsel should themselves be sanctioned. M&T's Memorandum of Law [139], Point IV. The parties are familiar with the relevant factual background, which will be discussed only to the extent necessary.

         Having considered the parties' submissions [132, 139, 142, 143, 146, 148] and heard oral argument by telephone on March 5, 2021 [147], for the following reasons the motion is denied, without sanctions to either party.[2]

## DISCUSSION

**A.**      **The Burden of Proof Regarding Waiver**

         For purposes of this motion, the parties appear to agree that plaintiff bears the burden of proving that any work product protection has not been waived. See Hedgeserv Ltd. v.

---

[1]      Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination (upper right corner of the page).

[2]      "Discovery rulings, including those regarding privilege issues, are nondispositive matters." Woodworth v. United States, 287 F. Supp. 3d 345, 348, n. 2 (W.D.N.Y. 2017).

SunGard Systems International Inc., 2018 WL 6538197, *3 (S.D.N.Y. 2018) ("[t]he party asserting the protection afforded by the work product doctrine has the burden of showing . . . that it has not been waived"); Resolution Trust Corp. v. Massachusetts Mutual Life Insurance Co., 200 F.R.D. 183, 188 (W.D.N.Y. 2001) (the party resisting discovery must "demonstrate both that the privilege exists and that it has not been waived"). [3]

**B.     The Requirements for Waiver**

Although the Second Circuit has yet to define the requirements for waiver of the work product privilege by disclosure to a third party, lower courts have offered various formulations: "whether, at the time of the disclosure, the disclosing party had reason to believe that further disclosure, to its party-opponent, would be likely" (Hedgeserv *2); "when protected materials are disclosed in a manner which substantially increases the opportunity for potential adversaries to obtain the information" (Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp., 125 F.R.D. 578, 587 (N.D.N.Y. 1989); 8 Wright and Miller, Federal Practice and Procedure (Civil) §2024 (3d ed.)); or "disclosure to a third-party witness . . . where the witness does not share a common interest with the disclosing party" (Alexander Interactive, Inc. v. Adorama, Inc., 2014 WL 12776440, *11 (S.D.N.Y. 2014)).

However, regardless of which of these formulations is applied - and regardless of which party bears the burden of proof regarding waiver - I conclude that the work product privilege has been waived by disclosure of the information in question to Richard Downs. During a teleconference with this court on October 16, 2020 (in which all counsel participated),

---

[3]     However, there is also contrary authority. See City of New York v. A-1 Jewelry & Pawn, Inc., 2007 WL 9710558, *4 (E.D.N.Y. 2007) ("[t]he burden of persuasion in proving a waiver of work-product protection lies with the party seeking discovery of protected material"); 34 A.L.R. Fed. 3d Art. 5, "Waiver or Loss of Protection of Federal Attorney 'Work Product' Protection Under Fed. R. Civ. P. 26(b)(3)", §4 (same).

Mr. Drexler stated that he had ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ [142-1], pp. 38-9. In light of that statement, which stands unrefuted in the record,[4] counsel proceeded at his own risk in disclosing additional information to Messrs. Drexler or Downs.

**C.     Sanctions**

Although each party asks me to sanction the other, I do not find that the law governing the standard for waiver to be so clear-cut that sanctions are warranted. Going forward, I encourage the parties to communicate and cooperate in moving this case forward.

**CONCLUSION**

For these reasons, plaintiff Saraceni's motion to quash [132] is denied. However, since the motion involves a claim of privilege, I will stay the effect of this decision until 5:00 p.m. on March 15, 2021, to give plaintiff the opportunity to seek a further stay from District Judge Lawrence J. Vilardo.

SO ORDERED.

Dated: March 8, 2021

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

---

[4]     During oral argument, Mr. Brady stated that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Chambers transcription). However, "attorney's arguments [a]re not evidence". Raucci v. Town of Rotterdam, 902 F.2d 1050, 1059 (2d Cir. 1990).